**UNITED STATES of America,**
**Appellee,**

v.

**Phi An TRAN, Appellant.**

**No. 10–2649.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Jan. 4, 2011.

Filed: Jan. 11, 2011.

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Phi An Tran appeals the statutory minimum sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute and to possess with intent to distribute at least 5 kilograms of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Counsel seeks leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In the *Anders* brief, counsel argues that the mandatory sentence was unconstitutional, resulting in a sentence that is unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He also argues that the facts warranted a Guidelines variance, and that the sentence does not accord with the Guidelines or the plea agreement; we construe these arguments

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

as challenging the district court's denial of safety-valve relief.

We review the constitutional argument for plain error because it was not raised below, *see United States v. Pirani,* 406 F.3d 543, 549 (8th Cir.2005) (en banc), and we reject it. The constitutionality of mandatory minimum sentences for drug offenses has long been confirmed. *See Harmelin v. Michigan,* 501 U.S. 957, 994–95, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *United States v. Turner,* 583 F.3d 1062, 1068 (8th Cir.2009), *cert. denied* — U.S. ——, 130 S.Ct. 1928, 176 L.Ed.2d 396 (2010). Further, *Booker's* reasonableness standard does not apply because the court was without discretion to sentence Tran below the statutory minimum: the government did not move for departure based on substantial assistance, and the court did not clearly err in finding Tran ineligible for safety-valve relief because he admitted that he refused to answer the government's questions about his co-conspirators. *See* 18 U.S.C. § 3553(f) (defendant must truthfully provide to government all information and evidence he has concerning offense or offenses that were part of same course of conduct); *United States v. Gregg,* 451 F.3d 930, 937 (8th Cir.2006) (*Booker* does not relate to statutorily-imposed sentences); *United States v. Bolanos,* 409 F.3d 1045, 1047 (8th Cir.2005) (clear error review of district court's safety-valve findings); *United States v. Chacon,* 330 F.3d 1065, 1066 (8th Cir.2003) (only authority for court to depart below statutory minimum sentence is in 18 U.S.C. § 3553(e) and (f), which apply only when government makes motion for substantial assistance or when defendant qualifies under safety-valve provision); *United States v. Romo,* 81 F.3d 84, 85 (8th Cir. 1996) (disclosures required to qualify for safety valve).

Finally, after reviewing the record independently under *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues. Accordingly, the judgment is affirmed, and counsel is granted leave to withdraw.